UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


DALE FIRMIN                              CIVIL ACTION

VERSUS                                   NO: 13-2616

RICHARD CONSTRUCTION, INC.               SECTION: R


**ORDER AND REASONS**

Before the Court is plaintiff's motion to remand for lack of
subject matter jurisdiction. For the following reasons, the Court
DENIES plaintiff's motion.

**I.   BACKGROUND**

Defendant Richard Construction, Inc. ("RCI") is a
construction company that does business at the Valero Saint
Charles Refinery at Norco. Plaintiff Dale Firmin worked for RCI
before RCI terminated him in the spring of 2012. Firmin contends
that he was fired in retaliation for his complaints to the
Occupational Safety and Health Administration and the Equal
Employment Opportunity Commission, rather than for defendant's
stated reason that he violated refinery policy by taking a
picture on a bus in the refinery parking lot.[1] In addition,
Firmin alleges that he was discriminated against in violation of

---

[1] R. Doc. 1-1.

the Americans with Disabilities Act. He contends that he also experienced sexual harassment and intimidation by a coworker and that RCI refused to take action, although it ultimately fired the employee in question. Firmin alleges that RCI threatened retaliation if he filed claims against the company and also threatened to report the offense to Valero so that plaintiff would be barred from all of Valero's facilities, including the Saint Charles refinery. After his termination, plaintiff eventually received a job offer from Brand Energy & Infrastructure Services. As the job site was the Valero Saint Charles Refinery, Firmin alleges that he feared harassment from RCI employees in taking the new position. Consequently, on the day he was to begin work, May 24, 2012, Firmin sought and received in state court a temporary restraining order (TRO), forbidding RCI employees from intimidating or harassing him or interfering with his employment.

RCI removed the petition for the TRO to this Court and filed a motion to dissolve the TRO. The Court granted this motion and denied Firmin's application for a preliminary injunction, on the grounds that Firmin failed to present evidence of the likelihood of success on the merits and evidence of a threat of irreparable harm. Firmin moved to remand the suit to state court, maintaining that the Court lacks subject matter jurisdiction under either

2

federal question or diversity jurisdiction. The Court granted Firmin's motion.[2]

On April 16, 2013, Firmin filed an amended petition in state court.[3] On May 3, 2013, defendants again removed plaintiff's petition to this Court.[4] Firmin now asks this Court to remand his case once again to state court.[5]

## II.   STANDARD

A defendant may generally remove a state court civil action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson,* 537 U.S. 28, 34 (2002). "The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995). To assess whether jurisdiction exists, the Court considers "the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* Although the Court must remand the case to state court if at any time before final judgment it appears

---

[2]    R. Doc. 30.

[3]    R. Doc. 1-1 at 35.

[4]    R. Doc. 1-1.

[5]    R. Doc. 7.

that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.,* 101 F.3d 448, 456 (5th Cir. 1996).

Defendant asserts that the Court has subject matter jurisdiction under both federal question and diversity jurisdiction. Because this Court finds that it has federal question jurisdiction, it does not reach the issue of diversity jurisdiction.

## III. Federal Question Jurisdiction

Federal district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim arises under federal law must be determined by referring to the "well-pleaded complaint." *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 808 (1986) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 9-10 (1983)); *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). This means that the federal question must appear on the face of the complaint. *See Torres v. S. Peru Copper Corp.,* 113 F.3d 540, 542 (5th Cir. 1997). Because defendants may remove a case to federal court only if the plaintiffs could have brought the action in federal court from the outset, "the question for removal jurisdiction must also

4

be determined by reference to the 'well-pleaded complaint.'"
*Merrell Dow,* 478 U.S. at 808.

> **1.   Federal Questions Appear On the Face of Firmin's Petition**.

In his amended petition, plaintiff bases his claims of discrimination and retaliation on federal statutes. He explicitly cites the ADA, and OSHA, and makes numerous references to the EEOC, which enforces federal laws.[6] Specifically, Firmin claims that he "seek[s] damages for violations of EEOC ADA and OHSA (under LSA-R.S. 23:13, 303, 323, 332, 964, and 967)."[7] Further, Firmin explicitly asserts claims against defendants for violating his "*federally protected rights under the ADA*" and requests "punitive damages of up to $300,000."[8] Firmin does not dispute that the punitive damages he requests are not available under state law. Nor does Firmin merely reference federal law in passing; instead, he repeatedly asserts specific claims under federal statutes. For example, Firmin's claim against "Old Iron" contends: "Inquiring into an employee's diabetic status is a violation of the ADA, as is his taking away of the plaintiff's medication and limiting his syringes . . . the plaintiff's [sic]

---

[6]    R. Doc. 1-1 at 35-42.

[7]    R. Doc. 1-1 at 35.

[8]    *Id.* (emphasis added).

seeks damages *for this ADA violation* from Old Iron as well as RCI."[9]

A plaintiff may avoid federal jurisdiction by exclusive reliance on state law, *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987), and when the source of plaintiff's claims is ambiguous, courts decline to infer a federal cause of action. *See, e.g., Lorenz v. Tex. Workforce Com'n*, 211 F. App'x 242, 244-45 (5th Cir. 2006); *Manzella v. United Parcel Serv. Inc.*, No. 02-1800, 2002 WL 31040170, at *3 (E.D. La. Sept. 10, 2002).

Here, however, Firmin did not merely put forth unidentified claims that could be interpreted by the Court as arising under state or federal law. Rather, he explicitly and repeatedly relied on federal statutes and asserted violations of his "federally protected rights under the ADA."[10] Nor did Firmin *exclusively* invoke state statutes in his petition; instead, Firmin's petition relies on both state law and federal law claims. While the subject matter of the federal and state law claims may overlap, in order to evaluate Firmin's claims that defendants violated his "federally protected rights *under the ADA*," a court will surely have to look to federal law.[11] Federal law, therefore is an essential element of Firmin's causes of action.

---

[9] *Id.* at 38 (emphasis added).

[10] *Id.*

[11] *Id.*

6

Fifth Circuit law supports finding federal question jurisdiction where a petition explicitly identifies federal statutes, claims to vindicate "federally protected rights," and seeks damages only available under federal law. In *Medina v. Ramsey Steel Company*, the Fifth Circuit held that federal question jurisdiction attached when plaintiff seeks damages "authorized only by federal law." 238 F.3d 674, 680 (5th Cir. 2001). Further, in *In re Hot-Hed Incorporated,* the Fifth Circuit asserted that federal jurisdiction attaches where a plaintiff requests "substantive relief under a specified federal statute intended to redress directly the wrong allegedly committed by the defendant," but not where plaintiff asks for "collateral relief" such as attorneys' fees. 477 F.3d 320, 325 (5th Cir. 2007) (holding no federal question where plaintiff makes no reference to federal law but seeks attorneys' fees available only under federal statutes). Again, consistent with *Hot-Hed*, Firmin's petition requests punitive damages, not collateral relief, to vindicate his "federally protected rights under the ADA."[12] Firmin's case is even further distinguishable from *Hot-Hed*, because he *unambiguously* relies on federal statutes in his petition. Equally, in *Bernhard v. Whitney National Bank*, the Fifth Circuit again noted that a request for attorneys' fees "that does not reference any federal law" is insufficient to

---

[12] *Id.*

state a federal question. 523 F.3d 546, 552 (5th Cir. 2008).
Again, Firmin requests punitive damages, not just attorneys'
fees, and, most importantly, he *does* reference the specific
federal statutes that serve as the basis for his request.

Accordingly, this Court holds that Firmin's complaint raises
federal questions. *See also Firmin v. Richard Constr., Inc.*, No.
12-1391, 2012 WL 5332998, at *2-3 (E.D. La. Oct. 26, 2012)
(finding federal questions raised but remanding because Firmin
had not exhausted his federal claims).

### 2.   That His Federal Claims May Be Untimely Is of No Consequence.

Unlike his first motion to remand, Firmin no longer argues
that his federal claims are unexhausted.[13] But Firmin now argues
that even if his petition raises federal questions, this Court
does not have federal question jurisdiction because those claims
are prescribed. Specifically, Firmin argues that with regards to
his "ADA claims, the prescriptive period of 90 days from the
receipt of the Notice of the Right to Sue . . . has lapsed."[14] He
then asserts, without authority, that this Court "is procedurally
bared for lack of prescription."[15]

---

[13] Firmin does not dispute that he received a right to sue
letter. R. Doc. 7 at 1.

[14] R. Doc. 7 at 1.

[15] *Id.*

8

An employee who has exhausted a formal EEOC complaint of discrimination may file a civil action within 90 days of the date on which he receives a "right-to-sue letter." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). "For all intents and purposes, the ninety-day filing period acts as a statute of limitations." *Bowers v. Potter*, 113 F. App'x 610, 612 (5th Cir. 2004) (citing *Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1249 n.1 (5th Cir. 1985) (noting that the ninety-day requirement is not a jurisdictional prerequisite)). This filing period may also be subject to equitable tolling. *See Espinoza*, 754 F.2d at 1251. Accordingly, because the 90-day filing period does not implicate this Court's subject matter jurisdiction, its alleged lapsing cannot deprive the Court of federal question jurisdiction.

This Court is sympathetic to the leeway given to *pro se* plaintiffs and is aware that remands are favored. Nevertheless, Firmin's petition unambiguously relies on federal statutes, seeks federal damages, and asks the Court to vindicate his federal rights. Accordingly, this Court has federal question jurisdiction and Firmin's motion to remand is denied.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiff's motion to remand.

New Orleans, Louisiana, this ___23rd___ day of July, 2013.

_Sarah Vance_

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE